UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL A. PETTY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:19-cv-00111 |
| NU WAVE, LLC d/b/a RIMTYME INDIANAPOLIS, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes MICHAEL A. PETTY Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of NU WAVE, LLC d/b/a RIMTYME INDIANAPOLIS ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.*, for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a 44 year-old natural person residing in Colburn, Indiana, which lies within the Northern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant offers rent-to-own services to consumers throughout the United States, including those in the State of Indiana. Respondent is a limited liability company organized under the laws of the State of Kentucky, with its principal place of business located at 300 West Vine, Ste. 806, Lexington, KY 40507.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Several months ago, Plaintiff obtained a line of credit from Defendant to finance the purchase of personal goods.

9. Due to financial hardship, Plaintiff fell behind on his scheduled payments to Defendant, thus incurring debt ("subject debt").

10. Around the summer of 2019, Plaintiff began receiving calls to his cellular phone, (765) XXX-0306, from Defendant seeking to collect upon the subject debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0306. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Defendant has primarily used the phone number (317) 253-1384 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

13. Upon information and belief, the above-referenced phone number ending in -1384 is regularly utilized by Defendant during its debt collection activity.

14. During answered calls, Plaintiff has been subjected to a noticeable pause, causing Plaintiff to say "hello" several times, before being connected to a live representative.

15. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

16. Plaintiff notified Defendant that he was unable to make payment and demanded that Defendant stop contacting him.

17. Despite Plaintiff's efforts, Defendant continued to regularly call his cellular phone for months thereafter.

18. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after being notified to stop.

19. Plaintiff has received not less than 20 phone calls from Defendant since asking it to stop calling.

20. Moreover, Defendant has sent threatening and abusive text messages to Claimant during its debt collection campaign.

21. In its text messages, Defendant has explicitly threatened to engage in "more aggressive collection actions" and to contact Plaintiff at his place of employment.

22. Frustrated with Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in costs and expenses.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

9. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls.  Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

4

27. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to Respondent was specifically revoked by Claimant's demands that it cease contacting him

28. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MICHAEL A. PETTY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

31. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

32. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

33. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

34. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

35. Defendant's collection efforts directed towards Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

36. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent contact attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Plaintiff made a number of attempts to halt Defendant's conduct, including demanding that the contacts as stop. However, Defendant consciously continued its abusive and deceptive attempts to contact Plaintiff in order to extract payment.

37. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Once Plaintiff made his demands known that she did not wish to receive any further phone calls, Defendant was obligated under the TCPA to cease its contacts. In defiance of the law, Defendant continued its deceptive conduct. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

38. In violating the TCPA, Defendant further violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19). "In other words, an IDCSA claim may be based on one or more of the acts *or* representations on the list. A claim may be based only on an enumerated act, and not a representation at all." *Anderson v. O'Leary Paint Co.*, 2011 U.S. Dist. LEXIS 110837 at 17.

39. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

40. Defendant further violated the IDCSA through the abusive nature of its collection efforts directed at Plaintiff. The threatening text messages Defendant sent to Plaintiff demonstrate the abusive nature of Respondent's collection efforts.

41. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

42. Although unsuccessful, Plaintiff made attempts to correct Defendant's deceptive acts by demanding that it cease contacting him. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. Defendant had ample knowledge that its calls were unwanted, yet, Defendant continued to call Plaintiff in an attempt to collect payment. This illustrates Defendant's artifice with intent to mislead Plaintiff. There would be little reason for Defendant to contact Plaintiff in violation of federal law and after becoming privy to his demands, unless Defendant was attempting to mislead Plaintiff into collecting payment from Plaintiff. This

illustrates that Defendant's conduct was incurable, which coerced Plaintiff into filing the instant action.

43. Defendant conducts the above described behavior on a wide and frequent basis. This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious

44. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 22 through 24, Plaintiff has suffered damages as a result of Defendant's unlawful practices. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, MICHAEL A. PETTY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 17, 2019                                  Respectfully submitted,

s/ Nathan C. Volheim                                      s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                          Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                     Counsel for Plaintiff
Admitted in the Northern District of Indiana              Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                       2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148
(630) 568-3056 (phone)                                    (630) 581-5858 (phone)
(630) 575-8188 (fax)                                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                  thatz@sulaimanlaw.com